NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000929
21-FEB-2013
10:18 AM**

NO. CAAP-11-0000929 and CAAP-11-0000930

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-11-0000929
STATE OF HAWAI'I, Plaintiff-Appellee, v.
MOHOMIID WICKS, Defendant-Appellant
(CR. NO. 08-1-0988)

AND

CAAP-11-0000930
STATE OF HAWAI'I, Plaintiff-Appellee, v.
MOHOMIID A. WICKS, Defendant-Appellant
(CR. NO. 09-1-0847)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

MEMORANDUM OPINION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Mohomiid A. Wicks (Wicks) timely appeals from the Judgments entered by the Circuit Court of the First Circuit (Circuit Court)[1] in Cr. Nos. 08-1-0988 (CAAP-11-0000929, or "the Drug Case") and 09-1-0847 (CAAP-11-0000930, or "the UEMV case"). The two cases were consolidated for disposition pursuant to this court's June 12, 2012 Order.

In the Drug Case, Wicks entered no contest pleas to (1) Promoting a Dangerous Drug in the Third Degree (PDD3) in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2012); (2) Unlawful Use of Drug Paraphernalia (Paraphernalia) in

---

[1]     The Honorable Dexter D. Del Rosario presided in both cases.

violation of HRS § 329-43.5(a) (2010); (3) Driving Without a License in violation of HRS § 286-102 (2007 and Supp. 2012); (4) and (6) Duty Upon Striking Unattended Vehicle or Other Property in violation of HRS § 291C-15 (2007); (5) Promoting a Detrimental Drug in the Third Degree in violation of HRS § 712-1249 (1993); (7) Reckless Driving of Vehicle in violation of HRS § 291-2 (2007); and (8) Obedience to Police Officer in violation of HRS § 291C-23 (2007).

In the UEMV case, Wicks pleaded no contest to Unauthorized Entry Into Motor Vehicle in the First Degree (UEMV) in violation of HRS § 708-836.5 (Supp. 2012).

Wicks argues four main points of error with regard to the Drug Case: (1) that his no contest pleas were not knowingly, intelligently, and voluntarily entered; (2) that the Circuit Court failed to inquire as to the pre-sentence report; (3) that sentencing was held after he fired his attorney; and (4) that his counsel was ineffective.

With regard to the UEMV case, Wicks argues that his sentence was imposed in derogation of his right to be present at sentencing, his right to allocution, and his right to review and controvert his presence report.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Wicks's points of error as follows:

## 1. Entry of Plea

We conclude that Wicks's plea to all charges was entered knowingly, voluntarily, and intelligently.[2] No motion to

---

[2] The colloquy conducted by the Circuit Court was, in pertinent part, as follows:

> Q. Your lawyer has provided the Court with change of plea forms which appears to have your signature.
>
> Are these your signatures?

(continued...)

2

2(...continued)

A. Yes.

Q. Did you go over these forms with your lawyer before you signed it?

A. Yes.

Q. And did you read and understand these forms before you signed it?

A. Yes.

Q. Do you have any questions about these forms?

A. No.

Q. Do you understand the charges against you?

A. Yes.

Q. Do you understand that for Unauthorized Entry into Motor Vehicle, Promoting a Dangerous Drug in the Third Degree and Unlawful Use of Drug Paraphernalia, for each or [sic] these charges you're facing a maximum five years imprisonment and a $10,0000 fine?

A. Yes.

Q. And you understand for Promoting a Dangerous Drug in the Third Degree and Unlawful Use of Drug Paraphernalia, based on your prior record as a repeat offender, you're also facing a mandatory minimum term of imprisonment of one year and eight months?

A. Yes.

. . . .

Q. (By the Court:) Now, knowing the penalties that you face, do you still want to plead no contest?

A. Yes.

Q. Okay. You understand you have the right to have a trial in each of these cases no matter how strong the evidence might be against you?

A. Yes.

Q. And you understand that in a trial, you would have certain rights that are stated on this form that you signed?

A. Yes, sir.

Q. Did you go over all of these rights with your lawyer?

A. Yes, sir.

(continued...)

[2] (...continued)

Q. Do you have any questions about any of these rights?

A. No.

Q. Okay. Now, you understand that by pleading no contest today, there will be no trial and you're giving up all of these rights?

A. Yes.

Q. And you also understand that if I later sentence you and you don't like the sentence, you cannot later on change your mind and ask to have a trial?

A. Yeah.

Q. And you also understand that the Court makes no promises to you as to what your sentence might be?

A. Yes.

Q. Are you pleading no contest because anyone is threatening you or forcing you to do so?

A. No.

Q. Has anyone put any pressure on you?

A. No.

Q. Has anyone made any promises to you?

A. No.

Q. Are you pleading no contest of your own free will?

A. Yes.

Q. Have you understood everything that I've told you?

A. Yes.

Q. Is there anything that you want me to explain to you?

A. No, Your Honor.

Q. Have you fully discussed your plea with your lawyer?

A. Yes.

Q. Did you go over with your lawyer all of your possible defenses to each of these charges?

A. Yes.

(continued...)

withdraw has been filed, so the applicable "standard of review for the withdrawal of a nolo contendere plea after sentencing is based on a showing of necessity to avoid manifest injustice." State v. Cornelio, 68 Haw. 644, 646, 727 P.2d 1125, 1126 (1986).

Wicks contends that he did not have the requisite awareness of the circumstances and consequences surrounding his plea because he did not believe that mandatory minimum sentencing applied to him and because he was erroneously told that he could fight his case "from Habilitat". His contentions are belied by the exchange he participated in with the Circuit Court. See Cornelio, 68 Haw. at 646, 727 P.2d at 1127 ("[T]here is no manifest injustice when the trial court has made an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.") (citation and internal quotation marks omitted).

   2.   **Allocution**

However, with regard to sentencing, our review of the record reveals that Wicks may not have been present for sentencing on all offenses and was not clearly advised of his opportunity for allocution as to all charges before he was sentenced.

A defendant's right to pre-sentence allocution is described in HRS § 706-604(1) (1993). It provides that "[b]efore imposing sentence, the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition." Hawai'i Rules of Penal Procedure (HRPP) Rule 32(a) also requires that "[b]efore suspending or imposing sentence, the court shall address the defendant personally and afford a fair opportunity to the defendant and defendant's counsel, if any, to make a statement and present any information in mitigation of

---

   [2](...continued)
         Q. Are you satisfied with his advice?

      A. Yes.

5

punishment."

At the September 28, 2011 first sentencing hearing, both cases were called. The Circuit Court first entertained the State's motion for repeat offender sentencing and a vigorous discussion ensued. After ruling on the motion, the Circuit Court addressed Wicks, informed him that "this is sentencing" and that before the court imposed sentence, Wicks was entitled to "make any statement you want." The Circuit Court did not specify which case or charge it was intending to impose sentence on. The entire hearing, up until that point, had been on the State's motion for repeat offender sentencing, which applied only to the PDD3 charge.

Wicks made his statement, which began discussing the merits of the State's motion and the Circuit Court cut short this discussion on the basis that Wicks was making a legal argument. Wicks then spoke on how he conducted his life after the 2008 Drug Case, but did not speak specifically to any particular charge or charges or mention the UEMV incident. Our review of the record reveals that this was the only statement Wicks made before the Circuit Court imposed sentence on the UEMV and Drug Cases. Based on this record, we cannot conclude that Wicks understood which case, let alone which charges he would be speaking to when he was given this opportunity for allocution. Therefore, we conclude that he was not afforded a full opportunity for allocution on all the charges for which he was to be sentenced.

In Hawai'i, it is established that "[t]he remedy for denial of Defendant's right of allocution is resentencing." State v. Chow, 77 Hawai'i 241, 248, 883 P.2d 663, 670 (App. 1994). A showing of prejudice is not required in order to obtain remand for resentencing. See id., at 249, 883 P.2d at 671; Schutter v. Soong, 76 Hawai'i 187, 208, 873 P.2d 66, 87 (1994). On remand, the resentencing is to be had before another judge. State v. Schaefer, 117 Hawai'i 490, 498, 184 P.3d 805, 813 (App. 2008); Schutter v. Soong at 208, n.6, 873 P.2d at 87, n.6 (even though the trial court judge conducted himself with the utmost

6

judicial decorum and impartiality, remanding the matter to the same judge would be inadequate because that judge previously determined the appropriate length of the sentence).

### 3. Presence at sentencing

HRPP Rule 43(a)[3] requires the presence of the defendant at every stage of the proceeding, from the arraignment to the imposition of the sentence. It is well-settled that there is a "fundamental right to be present at each critical stage of the criminal proceeding." State v. Walsh, 125 Hawai'i 271, 285, 260 P.3d 350, 364 (2011) (quoting Onaka v. Onaka, 112 Hawai'i 374, 380, 146 P.3d 89, 95 (2006)) (internal quotation marks omitted).

Here, Wicks was present at the September 28, 2011 first sentencing hearing, but the transcript does not reflect that the sentence for the UEMV charge and the sentence for the Paraphernalia charge were pronounced at that proceeding. Furthermore, at the October 26, 2011 hearing, when the Circuit Court sentenced Wicks on Counts 3-8 and clarified that an indeterminate five-year term was to be imposed on all three felony charges, it is unclear from the transcript whether Wicks was present. Under these circumstances, we conclude that a new sentencing hearing should be held. See U.S. v. Rodriguez, 23 F.3d 919, 920 (5th Cir. 1994) (quoting U.S. v. Velasquez, 748 F.2d 972, 974 (5th Cir. 1984) ("Once it is found that the district court failed to comply with a procedural rule of

---

[3] HRPP Rule 43(a) states, "*Presence required.* The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule."

The Hawai'i Rule is similar to the Federal Rule of Criminal Procedure Rule 43(a)(3), which states that unless otherwise provided for, "the defendant must be present at: . . . sentencing."

Presence is particularly key to sentencing because of the right of allocution. § 723 Defendant's Right to Be Present - Alteration of Sentence, 3B Fed. Prac. & Proc. Crim. § 722 (3d ed.).

sentencing, a new sentencing hearing should be ordered.")) (internal quotation marks omitted).

Based on our resolution of these issues, it is unnecessary to address Wicks's other points on appeal.

Accordingly, the October 26, 2011 Judgment entered by the Circuit Court of the First Circuit in CAAP-11-0000929 and the September 30, 2011 Second Amended Judgment of Conviction and Sentence in CAAP-11-0000930 are vacated and both cases are remanded for resentencing before a different judge.

DATED:  Honolulu, Hawai'i, February 21, 2013.

On the briefs:

Lila Barbara Kanae,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8